IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>                            )<br>     Plaintiff,            )<br>                            )<br>     v.                     )<br>                            )<br> ALLEGIANCE STAFFING,       )<br> Montgomery, AL,            )<br>                            )<br>     Garnishee,             )<br>                            )<br> JUAQUAVIOUS LAKEITH        )<br> MOORER,                    )<br>                            )<br>     Defendant.             ) | MISC. ACTION NO.<br>2:22mc3991-MHT<br>(WO) |

**ORDER**

Before the court is plaintiff United States of America's motion for entry of final disposition order (Doc. 8). The United States requests an order of disposition directing garnishee Allegiance Staffing in Montgomery, Alabama, to withhold the identified nonexempt funds from defendant Juaquavious Lakeith Moorer's weekly wages and to submit said funds to the clerk of the court to be applied to Moorer's outstanding restitution balance.

**Because no timely objection has been filed to the answer of garnishee Allegiance Staffing (Doc. 6), it is ORDERED that, pursuant to 28 U.S.C. § 3205(c)(7), plaintiff United States of America's motion (Doc. 8) is granted as follows:**

**(1) Garnishee Allegiance Staffing shall withhold from defendant Juaquavious Lakeith Moorer's employment payments the amount of 25 % of disposable earnings paid weekly;**

**(2) Garnishee Allegiance Staffing shall promptly forward the identified disposable earnings to the clerk of the court, One Church Street, Suite B-110, Montgomery, AL 36104.**

**(3) The clerk of court is directed to apply these funds to the restitution balance owed by defendant Moorer.**

**It is further ORDERED that, pursuant to 28 U.S.C. § 3205(c)(10), this garnishment shall remain in effect until satisfaction of the debt owed to plaintiff United States of America, until exhaustion of the property in**

the possession, custody, or control of the garnishee in which the debtor has a substantial nonexempt interest, or by order of this court quashing the Writ of Garnishment.

Finally, it is further ORDERED that, upon termination of the Writ of Garnishment as outlined above and as required by 28 U.S.C. § 3205(c)(9)(B), plaintiff United States of America shall make a cumulative accounting of all property it receives under the Writ of Garnishment to garnishee Allegiance Staffing and defendant Moorer within ten days after the garnishment terminates.  Within ten days of receipt of such accounting, defendant Moorer and/or garnishee Allegiance Staffing may file a written objection to the accounting, stating the grounds for objection, and request a hearing.

The clerk of the court is DIRECTED to administratively close this action subject to reopening for good cause.  The administrative closure does not

affect the validity of the continuing Writ of Garnishment.

DONE, this the 28th day of March, 2023.

                                        /s/ Myron H. Thompson
                                   **UNITED STATES DISTRICT JUDGE**